IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DON ERICKSON,

    Plaintiff,

vs.                                                            CASE NO. 4:05cv398-MMP/AK

MARTIN EPSTEIN, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging unspecified constitutional violations by a number of Defendants. (Doc. 28). Upon review of his complaint, as required by 28 U.S.C. §1915A, the undersigned is of the opinion that it should be dismissed.

    Plaintiff has been given several opportunities to better express the nature of his claims since it has not been clear whether he was challenging the fact and duration of his confinement or some other grounds. He was sent two different types of forms and advised to select one or the other (doc. 4), and he filed a section 1983 complaint. (Doc. 5). This complaint was insufficient and Plaintiff was directed to file another complaint and again advised that he was not clear about the nature of his complaints and

appeared to be complaining about his trial and/or sentencing and that he had also sued judges and prosecutors who were entitled to absolute immunity. (Doc. 17).

Plaintiff then filed a First Amended Complaint (doc. 23), which was again too vague to determine the nature of his claims, except that he had failed to assert any constitutional violations and again named judges and prosecutors. (Doc. 24).

Now, Plaintiff comes forward with his Second Amended Complaint (doc. 28), which again names judges and prosecutors, clerks of court, and the Secretary of the Department of Corrections.  See Clark v. Ga. State Pardons and Parole Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990)(absolute immunity warrants dismissal under 28 U.S.C. §1915).  Plaintiff asserts no specific claims against any of the named Defendants, except to complain about some witnesses lying against him and that the clerks (Defendants Frazer and Gilbert) did not process his papers with the correct filing dates or some type of processing errors, and he does not mention the Secretary in his recitation of the facts at all.  Further, the exhibits he has attached, which include grievances concerning his complaints about his sentencing and a sentencing transcript, leads the undersigned to conclude that Plaintiff's complaints really pertain to the fact or duration of his confinement.  This type of claim is habeas in nature.  Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (habeas corpus is the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).  None of Plaintiff's other complaints, insofar as any can be gleaned from his papers, state a claim under § 1983. Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985) (a plaintiff must allege facts

**No. 4:05cv398-mmp/ak**

showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).

Finally, the relief Plaintiff seeks is only that his complaint be served. He seeks no damages or other relief. Since Plaintiff has failed, after three attempts, to file a viable complaint, his request for relief is denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 28, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this **13th** day of July, 2006.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:05cv398-mmp/ak**